UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CMA CGM S.A. and CMA CGM
(AMERICA) LLC

    Plaintiffs                **Case No: 2:15-cv-13078**

    vs.                     Hon. Arthur J. Tarnow
                        Magistrate Judge R. Steven Whalen

N. E. INDUSTRIES, LLC d/b/a
NEI INDUSTRIES

    Defendant             **ORDER**

    And

MOET HENNESSY USA, INC.

    Intervenor

---

MICHAEL J. LIDDANE (P38639)
FOSTER MEADOWS & BALLARD, P.C.
*Attorneys for Plaintiffs*
607 Shelby, 7th Floor
Detroit, Michigan 48226
(313) 961-3234
(313) 961-6184 (Fax)
mliddane@fostermeadows.com

LORINDA K. JONES-LINDSAY (P61688)
LEA WILLIAMS (P67705)
MI LEGAL PROS
26677 West Twelve Mile Road
Southfield, Michigan 48034
248-805-3946 - 248-876-3325 (Fax)
MiLegalPro2@gmail.com

SHERYL L. TOBY    (P39114)
MICHAEL J. BLALOCK (P68969)
Attorneys for Intervenor
Moet Hennessy USA, Inc.
DYKEMA GOSSETT PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
248-203-0700
248-203-0763 (Fax)
stoby@dykema.com
mblalock@dykema.com

---

438754.1/00157267

# **ORDER**

The Court having conducted a hearing with counsel for all parties in attendance on September 4, 2015 with the Court, and the Court being otherwise fully informed orders as follows:

**IT IS HEREBY ORDERED** that Defendant shall, immediately upon entry of this Order, provide to Plaintiffs the address and location at which seven containers in dispute are being held and allow immediate inspection and unconditional release of the containers to Plaintiffs' selected trucking company for delivery to the facility of Plaintiffs' choosing.  Plaintiffs to be responsible for any associated chassis charges related to the transport and ultimate return of the seven containers to the chassis provider.

**IT IS FURTHER ORDERED** that upon satisfactory inspection of the seven containers confirming good order and condition of the original seals at the time they are released by Defendant to Plaintiffs that Plaintiffs shall then immediately wire transfer Fifty-Five Thousand Six Hundred Sixty-Four and 07/100 ($55,664.07) Dollars to a banking account to be designated by the Defendant to fully and finally satisfy any and all amounts claimed to be due and owing to Defendant by Plaintiffs arising from or related to those instances in which Plaintiffs hired Defendant to perform trucking services.

438754.1/00157267

**IT IS FURTHER ORDERED** that Plaintiffs shall escrow Twenty-One Thousand Fifty-Four and 60/100 ($21,054.60) Dollars into Plaintiffs' law firm's trust account pending resolution of any container and/or chassis fees or charges associated with the seven containers currently in possession of Defendant.

**IT IS FURTHER ORDERED** Plaintiffs agree to forgive, rescind, all accrued and accruing per diem container and chassis charges arising from or related to those instances in which Plaintiffs hired Defendant to perform trucking services, presently estimated in the total amount of One Hundred Ninety Thousand and 00/100 ($190,000.00) Dollars, which includes, in part, certain other amounts specified herein.

**IT IS FURTHER ORDERED** Plaintiffs agree to reinstate Defendant's UIAA Interchange Agreement Listing.

**IT IS FURTHER ORDERED** that Defendant, through its owners, employees, and agents will cooperate with Plaintiffs in the further investigation of the Intervenor's assertion that the product loaded into an eighth container (number TRLU4853014) entrusted to Defendant was not delivered and is missing, including providing confirmation of delivery and any other paperwork or information related thereto as well as assistance by way of investigation, testimony or otherwise.

**IT IS FURTHER ORDERED** that once the containers are released and the remaining disputed claims described are resolved, then Plaintiffs and

438754.1/00157267

Defendant will enter into a mutual release for any and all claims, causes of action, etc. of whatsoever kind or nature, arising from, related to or in connection with this proceeding except for potential claims related to the possible non delivery of the eighth container, which currently remains unresolved, and in the event there is any loss or damage to the cargo currently in any of the seven containers which occurred while in Defendant's care, custody, and/or control.

**SO ORDERED** this 4th day of September, 2015.

/s/Arthur J Tarnow
**HON. ARTHUR J. TARNOW**

438754.1/00157267